**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JESSIE FRANKLIN TRUITT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-509-J** |
| | ) | |
| **SGT. SULLIVAN, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Mr. Truitt has filed a Motion for a Preliminary Injunction and Supplement. (ECF Nos. 41 & 42). The Court should deny the motion.

## I. BACKGROUND

Mr. Truitt, a convicted state prisoner has filed an Amended civil rights complaint under 42 U.S.C. § 1983. (ECF No. 9). The Amended Complaint: (1) is asserted against two Defendants; (2) alleges sexual assault and denial of mental health treatment; and (3) seeks monetary damages. *See* ECF No. 9.

## II. PLAINTIFF'S CURRENT MOTION AND SUPPLEMENTS

Currently before the Court are ECF Nos. 41 & 42—a Motion for Preliminary Injunction and Supplement. In the motion, Plaintiff states that he was told that he was "no longer allowed to work on [his] lawsuit" and he requests the Court to "order this facility to stop violating [his] rights & OK DOC Policy." (ECF No. 41). In the supplement, Mr. Truitt makes similar allegations and asks the court to "order JHCC staff to allow [him]

time at the table to draft motions. . . & order JHCC staff to allow [him] access to law library." (ECF No. 42).

## III. DENIAL OF THE MOTION

"A preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction. *See Terry v. Jones*, No. CIV-06-840-F, 2007 WL 962916 (W.D. Okla. Mar. 30, 2007) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in his habeas petition); *accord Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint.") (citation omitted)). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hosp. Inc.*,

528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)).

Plaintiff's Amended Complaint alleges sexual assault and denial of mental health treatment. *See* ECF No. 9. Because the claim in the Motion for Preliminary Injunction and Supplement (denial of law library access) are not the same as the issues raised in the Amended Complaint, the Court cannot grant a preliminary injunction. Under similar circumstances, a sister district Court denied an inmate's request for a preliminary injunction, stating "[i]f Plaintiff wants to raise claims of law library access . . ., he may initiate a new civil rights lawsuit to present th[e] issue[]." *Adams v. Ade*, No. CIV-19-041-JHP-SPS, 2019 WL 3456814, at *2 (E.D. Okla. July 31, 2019).

If, however, the Court determines that the request for preliminary injunction is sufficiently related to the claims in the Amended Complaint, the Court should still deny the motion. The Constitution affords inmates a right of access to the courts, along with which comes a duty to provide prisoners with adequate access to law libraries. *Bounds v. Smith,* 430 U.S. 817, 828 (1977). However, this right is not absolute. *See Penrod v. Zavaras,* 94 F.3d 1399, 1403 (10th Cir. 1996) (noting that the Constitution does not require states to give inmates unlimited access to a law library). As a result, it is incumbent upon the plaintiff to demonstrate

> that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some

> technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.

*Lewis v. Casey,* 518 U.S. 343, 351 (1996). In the instant case, Mr. Truitt has simply failed to demonstrate how either of the Defendants have hindered his efforts to pursue an actual legal claim. Plaintiff claims that he is "no longer allowed to have Access to case law/court Rulings or civil law on the computer" per a memo he attaches. (ECF No. 42:1). But in fact, the memo he attaches from prison staff states specifically that Mr. Truitt "is allowed one (1) hour of legal work insured the Secured West Law Cage a day Monday through Saturday." (ECF No. 42-1). With this specific permission given to access Westlaw six hours per week, Mr. Truitt cannot establish a violation of his right to access the courts under *Bounds.* For this additional reason, the Court should deny Plaintiff's request.

In sum, because the current motion and supplement would not grant Mr. Truitt "relief of the same character as that which may be granted finally," and Plaintiff himself has submitted evidence which defeats his claim that he is being denied access to research, the Court should deny the Motion and Supplement.

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

In light of the foregoing, it is recommended that the Court **DENY** Plaintiff's Motion for Injunctive Relief and Supplement—ECF Nos. 41 & 42. Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **August 21, 2026**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF THE REFERRAL

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on August 4, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE